UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

In re
CBI HOLDING COMPANY, INC., et al.,   Chapter 11
                                     Case No. 94-B-438129
          Debtors,
           (BRL)


--------------------------------------X
BANKRUPTCY SERVICES, INC.,

          Appellant-Cross Appellee,   01-CIV-0131 (KMW)
                                       OPINION & ORDER
     -against-

ERNST & YOUNG and ERNST & YOUNG, LLP,

          Appellees-Cross Appellants.

--------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

   Management for debtors CBI Holding Company, Inc. and most of its subsidiaries (collectively "CBI") engaged in a scheme to fraudulently deceive lenders and investors. Trust Company of the West ("TCW") was an investor in CBI. Ernst & Young ("E&Y"), CBI's accountants and auditors, failed to detect the fraud.

   In 1994, CBI filed for bankruptcy under Chapter 11. Bankruptcy Services, Inc. ("BSI") was appointed as the assigning agent of the bankruptcy reorganization plan.[1] BSI represents the

---

[1] The procedural history described herein is set forth in greater detail in Bankruptcy Serv. v. Ernst & Young (In re CBI Holding

1

interests of CBI as a bankrupt corporation and TCW as an investor in CBI.

In 1996, BSI filed suit against E&Y on behalf of CBI and TCW. E&Y countersued. On April 5, 2000, after a seventeen-day bench trial, the bankruptcy court granted judgment for BSI on six of the claims, and dismissed BSI's seventh claim. The bankruptcy court's decision was appealed to this Court. On June 26, 2004, this Court affirmed in part and reversed in part the bankruptcy court's decision. E&Y then filed a motion for rehearing, which this Court granted. On October 26, 2004, this Court decided in E&Y's favor each of the four issues raised by E&Y in the rehearing.

BSI appealed this Court's ruling, and E&Y cross-appealed. On June 16, 2008, the Second Circuit affirmed this Court's decision in part, reversed it in part, and remanded it. See Bankruptcy Serv. v. Ernst & Young (In re CBI Holding Co.), 529 F.3d 432 (2d Cir. 2008). Mandate was entered on October 23, 2008.

This order addresses two of the multiple issues before this Court on remand.

**I. Preclusive Effect of Bankruptcy Court's Decision on CBI Claims**

The Second Circuit noted that "to the degree that the [bankruptcy] court's judgment on [the CBI] claims is dispositive

---

Co.), 529 F.3d 432 (2d Cir. 2008).

2

of the factual issues underlying the TCW claims, E&Y may also be collaterally estopped from relitigating those issues at its jury trial on the TCW claims." Id. at 468-69. The Second Circuit did not, however, specify the degree to which the bankruptcy court's judgment on the CBI Claims is dispositive of the factual issues underlying the TCW Claims.[2] Instead it noted that such a determination "depends on other legal considerations, which we need not explore here." Id. at 469 n. 23.

The preclusive effect of the bankruptcy court's CBI decision on the TCW Claims is a threshold issue that this Court must consider before determining how to proceed. Accordingly, the parties are ordered to provide briefing on (1) whether E&Y and/or TCW can be collaterally estopped from religitating issues resolved by the bankruptcy court's decision on the CBI Claims, and (2) whether the bankruptcy court's decision on the CBI Claims has any other preclusive effects on E&Y and/or TCW's remaining claims.

BSI shall file its memorandum of law by November 21, 2008.

E&Y shall files its response by December 5, 2008.

BSI shall file any reply by December 17, 2008.

## II. Status of CBI Claims

---

[2] References to "CBI Claims" encompass both CBI's claims against E&Y and E&Y's claims against CBI. Similarly, "TCW Claims" refers to both TCW's claims against E&Y and E&Y's claims against TCW.

BSI argues that in light of the Second Circuit's decision, no further proceedings on the CBI Claims are necessary, and the bankruptcy court's judgment against E&Y on the CBI Claims should be entered. BSI has thus requested leave to file a motion for entry of judgment on the CBI Claims against E&Y and a pre-motion conference to discuss the proposed motion. E&Y responds that judgment on the CBI Claims is premature because it still has appeals of the bankruptcy court's decision pending before this Court.

The Court believes that such a motion would be premature, but the Court will not preclude the filing of such a motion. Therefore, the Court grants leave to file a motion for entry of judgment.[3] If this motion is made, it should be briefed <u>in accordance with the schedule set forth above</u>.

SO ORDERED.

DATED: New York, NY

November 5, 2008

*signature: Kimba M. Wood*

Kimba M. Wood

United States District Judge

---

[3] Under the circumstances, the pre-motion conference requested by BSI is unnecessary.

4